FINEIS v. PROCTOR.

REFORMATION OF INSTRUMENTS—LEASES—MUTUAL MISTAKE NOT SHOWN.

    Where, in suit to reform, for mutual mistake, lease of gasoline service station to include provision that lessees were to buy only from lessors, it appears that lease was prepared by lessors' attorney at their direction and request, that said provision was not mentioned by them to attorney, that lease was read over by parties and executed in form prepared, and that lessees deny alleged mistake, court below properly denied relief prayed for.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 11, 1929. (Docket No. 70, Calendar No. 34,550.) Decided December 3, 1929.

Bill by Peter J. Fineis and Earl E. Brown, copartners, against Graham Proctor and E. Peter Sherman to reform, for mutual mistake, a lease of a

gasoline service station. From decree dismissing bill of complaint, plaintiffs appeal. Affirmed.

*George E. Pardee* (*Pulver & Bush,* of counsel), for plaintiffs.

*Matthews, Hicks & Des Jardins,* for defendants.

POTTER, J. Plaintiffs filed their bill of complaint to reform, for mutual mistake, the terms of a written lease of a gasoline service station in Owosso. From a decree dismissing the bill, plaintiffs appeal.

Plaintiffs, engaged in the wholesale oil business, leased a location and operated a filling station in Owosso. It had not made money. Plaintiffs desired to dispose of it, and sold the stock and leased the filling station to defendants. It is plaintiffs' claim that by mutual mistake the lease omitted an agreement that defendants were to buy only from plaintiffs, and gasoline was to be sold by plaintiffs to defendants at three cents less than the local retail price fixed by the Standard Oil Company of Indiana. Plaintiffs testify to the mistake and its mutuality. Plaintiffs' attorney prepared the lease and bill of sale at plaintiffs' direction and request. Nothing was said in the papers of the claimed omitted terms of the contract, nor was it mentioned by plaintiffs to their attorney who prepared the papers as directed. The lease was read over by the parties and executed in the form prepared. The trial court had the advantage of seeing the witnesses. Considering that plaintiffs had not made money, that they wanted to sell, directed the terms of the lease to be prepared by their attorney, that it was prepared by him in the form directed, that they read it over and signed it, and that the bill was not filed until defendants intimated they were going to handle

products purchased elsewhere than from plaintiffs, and that defendants deny the claimed mistake and allege the existing lease is correct, we think the court was right in denying plaintiffs relief, and the decree of the trial court is affirmed, with costs.

North, C. J., and Fead, Butzel, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.